

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEOVANNY MARRERO SANTANA,

            Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

            Defendants.

17-CV-2648 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    By motion dated April 24, 2022 (Dkt. 39), plaintiff Geovanny Marrero Santana moves, pursuant to 42 U.S.C. § 406(b), for an order approving a contingent fee award in this social security case. Under the Fee Agreement between plaintiff and attorney Adam Braverman, dated March 28, 2017 (Agreement), plaintiff agreed to pay "twenty-five percent (25%) of all back benefits awarded in [his] case, if [he] prevail[s], less any attorneys' fees awarded pursuant to the Equal Access to Justice Act (EAJA)." Braverman Decl. (Dkt. 42) ¶ 5 & Ex. A. On June 19, 2019, the Court so-ordered the parties' stipulation awarding $7,550.00 in fees pursuant to the EAJA, 28 U.S.C. § 2412. *Id.* ¶ 9; *see also* Dkt. 38. Plaintiff assigned those EAJA fees to his attorney. Braverman Decl. Ex. A.

    The present motion asks the Court to approve a payment of $22,997.75 to attorney Braverman pursuant to 42 U.S.C. § 406(b), representing 25% of plaintiff's recovered past due benefits of $91,991.00, from which Braverman "understand[s] and agree[s] that [he] must refund Plaintiff Marrero the $7,550.00 in EAJA fees previously received by [his] firm." Braverman Decl. ¶¶ 11, 20; *see also id.* Ex. A; Pl. Mem. (Dkt. 43) at 7. The Commissioner does not object to plaintiff's motion. (Dkt. 44.)

    For the reasons set forth below, plaintiff's motion will be granted.

> The Social Security Act provides:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (quotation marks omitted), *report and recommendation adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

These factors all weigh in favor of plaintiff's request for approval. The contingency fee is within the 25% statutory limit. 42 U.S.C. § 406(b)(1)(A). There is no evidence in the record that the Agreement was the result of fraud or overreach. Nor would the contingency fee award constitute a windfall to attorney Braverman, who expended 47.95 hours on work related to this action, Braverman Decl. ¶ 21 & Ex. C, including briefing plaintiff's motion for judgment on the pleadings and a reply to the Commissioner's cross-motion for judgment on the pleadings. On the

basis of those filings, the Court granted plaintiff's motion, denied the Commissioner's motion, and remanded this action to the Social Security Administration (SSA) for further proceedings. (*See* Dkts. 34, 35, 36.) Moreover, plaintiff secured the relief he sought in those proceedings – a finding of disability and an award of past due benefits. Braverman Decl. ¶ 7-11. Each of these factors favors approval. *Pelaez*, 2017 WL 6389162, at *1-2 (recommending approval of a similar contingency fee agreement).

As acknowledged by plaintiff's counsel, *see* Braverman Decl. ¶¶ 11, 20; *id.* Ex. A; Pl. Mem. at 7, upon receipt of his 25% contingency fee ($22,997.75), he must refund $7,550.00 to plaintiff, representing the amount the Court already awarded him as attorney's fees under the EAJA. *See Gisbrecht*, 535 U.S. at 789 (2002) ("Fee awards may be made under both [section 406(b) and the EAJA], but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits.").

The only procedural wrinkle here is that Braverman filed the instant motion on April 24, 2022, nearly a month after the SSA issued its notice of award to plaintiff, and thus beyond the 14-day window to file § 406(b) motions under Fed. R. Civ. P. 54(d)(2)(B). However, an untimely motion under Rule 54(d) can be excused where the Court finds that the delay was attributable to "excusable neglect." *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226-28 (2d Cir. 2004). Excusable neglect is an "elastic concept" that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Tancredi*, 378 F.3d at 228 (quoting *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)).

Here, attorney Braverman acknowledges his tardiness but attributes it to delayed mail forwarding from his office – which he was not using, due to the COVID-19 pandemic, instead

3

working "almost exclusively from home" – along with the fact that he was traveling from April 14 to April 18, 2022, and that his client did not inform him about the award even though plaintiff reportedly received notice of it in late March. Braverman Decl. ¶¶ 13-19. Braverman thus avers that he first became aware of the SSA's award on April 18, when he returned from his travels and "opened [his] mail at [his] home," *id.* ¶ 17, and he filed the present motion six days thereafter.

Given the circumstances surrounding attorney Braverman's delayed receipt of notice of the SSA's award, and the fact that he promptly prepared his motion papers within one week afterwards, the Court credits his declaration and exercises its discretion to "enlarge th[e] filing period" because "circumstances warrant" doing so. *Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019). Various courts have proceeded similarly. *See, e.g.*, *Williams v. Comm'r of Soc. Sec.*, 2021 WL 4480536, at *3 (E.D.N.Y. Sept. 30, 2021) (fee motion timely over four months after 14-day filing period began to run where attorney was working from home and experienced mailing delays); *see also Walls v. Comm'r of Soc. Sec.*, 2020 WL 3026462, at *3 (D. Conn. June 5, 2020) (fee motion timely eight days after deadline); *Lesterhuis v. Comm'r of Soc. Sec.*, 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019) (same, nine days after); *Tanner v. Comm'r of Soc. Sec.*, 2018 WL 6521585, at *3 (N.D.N.Y. Dec. 12, 2018) (same, 19 days after).

For these reasons, plaintiff's unopposed motion is GRANTED. The Social Security Administration is directed to approve a payment of $22,997.75 to attorney Braverman. Upon receipt of payment, Braverman shall promptly refund $7,550.00 to plaintiff.

Dated: New York, New York  
October 3, 2022

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**